**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**HELEN GABLE AND JERRY GABLE**                                                                 **PLAINTIFFS**

**V.**                                                                                                     **CASE NO. 1:09-CV-00272**

**BNSF RAILWAY COMPANY**
**AND BRIAN HAUBER**                                                                                      **DEFENDANTS**

**MEMORANDUM OPINION**

This cause comes before the court on the motion **[165]** of Defendants BNSF Railway Company and Brian Hauber for summary judgment. The court, having considered the motion, finds that it is well taken and should be granted.

This lawsuit arises from a train accident which occurred on October 15, 2006 in Tupelo, Mississippi. Plaintiff Helen Gable was taking pictures of her niece while standing on railroad tracks when she heard a BNSF train approach. The train horn was sounded and Ms. Gable attempted to leave the tracks, but got her foot stuck in the rocks nearby. As the train passed, a foreign object struck Ms. Gable and nearly severed her right leg. The plaintiffs allege that the object was a piece of metal swinging from the oncoming train.

On October 13, 2009, the plaintiffs filed a complaint for negligence in the Circuit Court of Lee County, Mississippi. The case was later removed to this court on the basis of diversity of citizenship.

In the instant motion, the defendants argue that summary judgment is proper because there are no issues of material fact as to the two claims asserted by the plaintiffs in their complaint. Specifically, the defendants argue that at the time of the accident, Ms. Gable was a trespasser and no objects were hanging from the train. The defendants point to the depositions of the train

conductor, James Pitchford and trainmaster, Brian Hauber to show that there were no objects hanging from the train or railroad cars. The defendants note that the plaintiffs' expert witness testified that Ms. Gable was injured by the train steps rather than an object hanging from the train. The defendants further argue that because Ms. Gable was a trespasser, they only had a duty to warn her by sounding the horn since the train could not be stopped in time to avoid the accident.

In response, the plaintiffs contend that Ms. Gable was not a trespasser and that the defendants failed to thoroughly inspect the train and accident area. The Gables assert that their actual claim is that BNSF failed to properly mark the train tracks as private property and inspect all railroad cars to remove any hanging metal. The plaintiffs contend that because the defendants never conducted a specific, thorough inspection, they cannot conclusively state that there was no object hanging from the train. The plaintiffs additionally argue that Ms. Gable's legal status is immaterial because the defendants saw her on the tracks and their active negligence caused her injuries. The plaintiffs maintain that the defendants should have applied the brakes once they realized Ms. Gable was not moving off the tracks.

Summary judgment should be granted "if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). No genuine issue of material fact exists if the record, taken as a whole, could not lead a reasonable jury to find for the nonmoving party. *Kipps v. Caillier*, 197 F.3d 765, 768 (5th Cir. 1999).

When ruling on a motion for summary judgment, the court must consider the "evidence in the light most favorable to the party resisting the motion." *Trevino v. Celansese Corp.,* 701 F.2d 397, 407 (5th Cir. 1983). Once the moving party meets its burden, the nonmoving party must "go

beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The nonmoving party cannot rely on metaphysical doubt, conclusive allegations, or unsubstantiated assertions but instead must show that there is an actual controversy warranting trial. *Id.*

Under Mississippi law, railroad employees have "no duty to keep a lookout for trespassers on the railroad track, and are required only to exercise reasonable care to prevent injuring a trespasser after they have discovered and realized his peril." *Id.* at 925. If the railroad company is unaware of the presence of a licensee or trespasser, it only has a duty to refrain from causing willful or wanton injury. *Lowery v. Illinois Cent. Gulf R.R. Co.*, 891 F.2d 1187, 1192 (5th Cir. 1990) (citing *Payne v. Rain Forest Nurseries, Inc.,* 540 So. 2d 35, 37 (Miss. 1989)).

A railroad company's reasonable duty upon seeing a person in danger is to blow the whistle if there is time to do so and "stop the train if the trespasser's peril is appreciated in time." *Maxwell v. Illinois Cent. Gulf R.R., T.R.,* 513 So. 2d 901, 906 (Miss. 1987). "If the trespasser is an adult and apparently in possession of his facilities...the engineer is entitled to expect the person to hear the warning signals and remove himself from danger." *Id*. at 905.

In the case herein, the duty owed to Helen Gable is the same regardless of whether she is classified as a trespasser or licensee. *Illinois Cent. Gulf R.R. Co. v. Ishee*, 317 So. 2d 923, 924 (Miss. 1975). Upon seeing her on the tracks, the defendants were only required to exercise reasonable care to prevent injuring her. There is no dispute that the conductor sounded the train's horn repeatedly once he saw Ms. Gable on the tracks. When the conductor recognized that she was in danger, he applied the emergency brakes. Pitchford Dep. 26:5-10. Though the plaintiffs argue that the brakes should have been applied sooner, Ms. Gable testified in her deposition that

3

she had "plenty of time to get away" before the train reached her. Gable Dep. 47:2-3. In addition, the plaintiffs' expert testified that Ms. Gable would have needed to move five to six feet in approximately 40 seconds to get outside of the area in which the train would strike her. Sparks Dep. 41:6-17. Mississippi law provides that a railroad company meets its reasonable duty when, upon noticing a person on its tracks, it blows the train horn and stops the train if the danger is recognized in time. The record reveals that the defendants had time to blow the horn, but not enough time to stop the train. It is clear that the defendants satisfied their duty.

The plaintiffs make much of the fact that the defendants failed to conduct a specific and thorough inspection to ensure that no metal or other object was hanging from the train or railroad cars. However, the plaintiffs' expert testified that the train stair step is what caused Ms. Gable's injury. Sparks Dep. 43:24-44:1. In addition, no hanging piece of metal was found at the scene of the accident. The plaintiffs rely on their bare, unsubstantiated assertion that an object swinging from the train struck Ms. Gable. As no evidence supports this argument, the claim must fail.

Based on the above analysis, there is no actual controversy warranting trial and the defendants are entitled to judgment as a matter of law. The motion for summary judgment is GRANTED. The remaining motions are dismissed as moot.

A separate judgment will be issued this date pursuant to Fed. R. Civ. P. 58.

SO ORDERED this the 6th day of December, 2011.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**